IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DONALD WAYNE MASON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:12-CV-0197 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DENY PETITION FOR WRIT OF HABEAS CORPUS

Came for consideration the Petition for Writ of Habeas Corpus filed by petitioner

DONALD WAYNE MASON challenging his July 22, 2009 conviction for felony driving while

intoxicated, third offense, out of the 47th Judicial District Court of Potter County, Texas, and the

resultant twenty-five year sentence. *See State v. Mason*, No. 57,197. For the reasons set forth

below, it is the opinion of the undersigned United States Magistrate Judge that the petition be

DENIED.

I.
FACTS AND PROCEDURAL HISTORY

Petitioner Donald Wayne Mason was charged by indictment on January 24, 2008, in

Cause No. 57,197 with driving while intoxicated. The indictment included two enhancement

paragraphs alleging two prior felony convictions for driving while intoxicated.

Mason-197.deny

The evidence presented at trial was that on November 10, 2007, at approximately 2:30 p.m., a witness saw a blue and white van driven by petitioner hit a stop sign, jump a curb and then hit a mailbox. The witness testified the vehicle had a flat tire, although the witness was not sure whether the flat resulted from jumping the curb or whether the tire blew prior to jumping the curb. The witness testified he observed petitioner and another person, later determined to be petitioner's brother, exit the vehicle. According to the witness, both appeared intoxicated, and attempted to change the flat tire. A man approached the van and assisted changing the tire while the witness was calling 911. The evidence shows police dispatch received the call at 2:28 p.m. (R.R. Vol 3, page 148).[1] Petitioner left the scene before the police arrived but when they did, the witness gave officers his description of events and the van's license tag number. Soon thereafter, one police officer witnessed the van as it pulled up close to petitioner's address. The officer approached the van, smelled a strong alcohol odor coming from petitioner MASON, who was driving, and placed him under arrest. A second officer who arrived at the scene testified at trial he too detected a strong alcoholic odor and was of the opinion petitioner was intoxicated. A third officer testified at trial that he too was present on the day in question and administered a horizontal gaze nystagmus test on petitioner which led him to confirm petitioner's intoxication. Police testified petitioner was taken to the Potter County jail where at 5:06 and 5:09 p.m. breath tests were administered with resulting readings of .097 and .095 concentration levels of alcohol. (R.R. Vol 3, page 148). Further, testimony showed that because petitioner had been in an accident, he was taken to Northwest Texas Hospital where, approximately five hours after his initial detention, a blood test was administered showing an alcohol concentration of .04.

---

[1]R.R. refers to the Reporter's Record in the state court records submitted by respondent.

Petitioner's younger brother testified that petitioner had health issues including a speech impediment, equilibrium problems and prior leg injuries.    Petitioner MASON did not testify on his behalf.  The jury returned a verdict of guilty.  At sentencing, petitioner pled true to both enhancement paragraphs and the court assessed a twenty-five year prison sentence, the minimum applicable sentence.

Petitioner appealed to the Seventh Court of Appeals of Texas and on May 11, 2011 that court affirmed MASON's conviction.  *Mason v. State*, 341 S.W.3d 566 (Tex. App.—Amarillo 2011).  MASON filed a petition for discretionary review with the Texas Court of Criminal Appeals, but the petition was refused on September 21, 2011.  On May 29, 2012, MASON filed a state application for a writ of habeas corpus.  The Texas Court of Criminal Appeals denied the application without written order on August 1, 2012.  Petitioner then filed this federal petition.

II.
PETITIONER'S CLAIMS

Petitioner alleges his conviction and sentence violate his rights under the United States Constitution because:

1.    Petitioner received ineffective assistance of counsel when trial counsel filed a motion to retain an expert witness and obtain funds without supporting evidence or affidavits;

2.    Petitioner was denied his rights under the Equal Protection Clause because the trial court denied his motion for an expert witness and funds yet allowed the prosecution to call four experts on the issue of petitioner's intoxication;

3.    Petitioner was denied his rights of Due Process because the trial court denied his motion for an expert witness and funds yet allowed the prosecution to call four experts at trial on the issue of petitioner's intoxication; and

4.    Petitioner was denied his right to effective assistance of counsel because the trial court denied his motion for an expert witness and funds and thus he was unable to

test the prosecution's case.

III.<br>STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not obtain habeas corpus relief in federal court with respect to any claim adjudicated on the merits in the state court proceedings unless the adjudication of the claim resulted in a decision contrary to or involved an unreasonable application of clearly established federal constitutional law or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

The Texas Court of Criminal Appeals heard and adjudicated on the merits the claims petitioner presents in his federal habeas corpus petition when it denied petitioner's application for state habeas relief without a written order.  *Ex parte Mason*, No. WR-77,968-01 (2012). Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect.  Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002).

Petitioner has failed to meet this burden and because of that fact is not eligible for federal habeas relief.  Additionally, this court's review of petitioner's claims confirms this petition should be denied.

IV.<br>EFFECTIVE ASSISTANCE OF TRIAL COUNSEL

In his first and fourth claims, petitioner contends he received ineffective assistance of counsel.  The proper standard for judging these claims is enunciated in *Strickland v. Washington*,

466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).  Under the two-pronged

*Strickland* standard, a petitioner must show defense counsel's performance was both deficient

and prejudicial.  *Id.* at 687, 104 S.Ct. at 2064.  An attorney's performance was deficient if the

attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the

defendant by the Sixth Amendment to the United States Constitution.  *Id.*  That is, counsel's

performance must have fallen below the standards of reasonably competent representation as

determined by the norms of the profession.  A reviewing court's scrutiny of trial counsel's

performance is highly deferential, with a strong presumption counsel's performance falls within

the wide range of reasonable professional assistance.  *Id.* at 689, 104 S.Ct. at 2065.  Strategic

choices made after a thorough investigation of both the law and facts are "virtually

unchallengeable."  *Id.* at 690-91, 104 S. Ct. at 2066.  This is a heavy burden which requires a

"substantial," and not just a "conceivable," likelihood of a different result.  *Harrington v.*

*Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, 563

U.S. ___, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

　　　Additionally, a petitioner must show counsel's deficient performance prejudiced the

defense.  To establish this prong, a petitioner must show counsel's errors were so serious as to

deprive petitioner of a fair trial.  *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.  Specifically, to

prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for

counsel's unprofessional errors, the ultimate result of the proceeding would have been different

. . . and (2) counsel's deficient performance rendered the trial fundamentally unfair."  *Creel v.*

*Johnson*, 162 F.3d 385, 395 (5th Cir. 1998).  "Unreliability or unfairness does not result if the

ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right

to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122

L.Ed.2d 180 (1993).  A showing of significant prejudice is required.  *Spriggs v. Collins*, 993 F.2d

85, 88 n. 4. (5th Cir.1993).  If a petitioner fails to show either the deficiency or prejudice prong

of the *Strickland* test, the Court need not consider the other prong.  *Strickland,* 466 U.S. at 697,

104 S.Ct. at 2069.

    When a state prisoner asks a federal court to set aside a conviction or sentence due to

ineffective assistance of counsel, the federal court is required to use the "doubly deferential"

standard of review that credits any reasonable state court finding of fact or conclusion of law, and

presumes defense counsel's performance fell within the bounds of reasonableness.  *Burt v.

Titlow,* ___ U.S. ___, 134 S.Ct. 10, 13, 187 L. Ed. 2d 348 (2013).  Petitioner's ineffective

assistance of counsel claims were adjudicated on the merits in a state court proceeding, and the

denial of relief by the state court was based on a factual determination that will not be overturned

unless it is objectively unreasonable in light of the evidence presented in the state court

proceeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003).  A

state-court factual determination is not unreasonable merely because the federal court would have

reached a different conclusion in the first instance.  *Burt*, 134 S. Ct. at 15.  Section 2254(e)(1)

provides that a determination of a factual issue made by a state court shall be presumed to be

correct.  The petitioner has the burden of rebutting this presumption of correctness by clear and

convincing evidence.  *Canales v. Stephens*, 765 F.3d 551, 563 (5th Cir. 2014).  When the Texas

Court of Criminal Appeals denies relief in a state habeas corpus application without written

order, it is an adjudication on the merits, which is entitled to this presumption.  *Ex parte Torres*,

943 S.W.2d 469, 472 (Tex. Crim. App. 1997); *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir.

1999) (recognizing this Texas state writ jurisprudence).

In his first claim of ineffective assistance of counsel petitioner argues trial counsel failed to file supporting affidavits or evidence along with his Ex Parte Motion to Provide Funds for Expert Assistance.

Petitioner's counsel filed this pre-trial motion in an attempt to hire Gary H. Wimbish, PH.D. a forensic toxicologist to aid in petitioner's defense.  Counsel attached Dr. Wimbish's fee schedule to the motion.  According to the motion, petitioner's blood/alcohol level was to be an issue at trial and Dr. Wimbish was going to administer certain tests on petitioner and thereby create and testify regarding extrapolation evidence on petitioner's behalf.

Petitioner appears to allege that counsel should have included affidavits from petitioner's three brothers and his sister to show petitioner's typical drinking patterns and his tolerance for alcohol.  He further states his brother could have testified as to the specifics on the day in question including what petitioner had to drink that day and when he quit drinking.  According to petitioner, these witnesses affidavits would have gone in his favor and made the trial court more likely to grant his motion for an expert.   To be entitled to a court-appointed expert, however, petitioner had to make a preliminary showing to the trial court that the subject of the expert's testimony would have been a significant factor at trial.  *See Ake v. Oklahoma*, 470 U.S. 68, 74, 105 S.Ct. 1087, 1091-92, 84 L.Ed.2d 53 (1985).  Petitioner's allegations that useful witness testimony was not obtained are too vague and conclusory.  Even if the subjects petitioner contends the witnesses could have testified about is accurate, he has not alleged with specificity that the inclusion of these affidavits would have resulted in the trial court granting the motion for an expert witness.  For example, he has not submitted with his habeas application any affidavits

from these purported witnesses that would demonstrate exactly what their testimony would have been.  More importantly, he has not shown the specific expert testimony that would have been available.

Assuming for argument's sake however, that petitioner's counsel should have better supported the motion for an expert, petitioner has still failed to meet his burden under *Strickland* to show how he was prejudiced.  Even if testimony or affidavits could show petitioner's drinking habits, patterns and tolerance for alcohol, this did not change the fact that petitioner's breathalyzer test results showed him to be in excess of the legal limit of .08.  Petitioner has not set out, by affidavit or otherwise, how or what the expert's testimony would have been which would have changed those results or called them into question.

By his fourth claim, petitioner argues the lack of expert testimony on his behalf deprived him of effective assistance because he was not able to rebut the state's witnesses.  While this claim has been presented as an ineffective assistance of counsel claim, this ground is actually a claim that the trial court's denial of an expert deprived counsel of the evidence needed to "test" the prosecution's case.

Again, petitioner has not shown that any expert witness called on his behalf would have persuaded the jury.  The jury was presented with compelling evidence of intoxication.  As stated by the Seventh Court of Appeals, petitioner's request for an expert was related to a narrow ground, trial testimony based upon testing to offer "retrograde extrapolation" evidence.  *Mason v. State*, 341 S.W.3d 566, 569 (Tex. App.—Amarillo 2011).  The purpose of this type of testimony would have arguably been to show petitioner's blood alcohol level at the time he was driving was less than at the later breath tests.  *Id.*  However, as stated by the appellate court, "There is no

record indication the State intended to offer retrograde extrapolation opinion testimony requiring expert rebuttal by appellant." *Id.*

Additionally, it is well settled that an intoxication case may be proved, "by presenting evidence that he lost his faculties due to the introduction of alcohol *or* he had a BAC of .08 or more at the time of the offense. The proof needed to show the 'loss of faculties' offense and the 'per se' offense are not mutually exclusive." *State v. Mechler*, 123 S.W.3d 449, 456 (Tex. App. 2003) aff'd, 153 S.W.3d 435 (Tex. Crim. App. 2005)(internal cite omitted)(emphasis added).

Petitioner MASON' s speculation that a retained expert witness would have been able to challenge the breathalyzer results is insufficient to show petitioner suffered any prejudice. The evidence at trial shows petitioner was placed under arrest at about 3:00 p.m. and was administered the breathalyzer approximately two hours later. Petitioner was in police custody and did not consume any alcoholic beverages during that time. Petitioner's blood-alcohol level was .097 approximately two (2) hours after he was taken into custody, and petitioner has not presented any scenario which would set his blood-alcohol level below the presumptive intoxication level of .08 at the time he was arrested. Testimony from Mr. Williams was that the body will metabolize alcohol and remove it from the body at a rate of, "about - - maybe .015 decrease in alcohol concentration per hour. (R.R. Vol. 3, page 214). Mr. Williams was asked to hypothesize about a situation where a first breathalyzer test was given, then a period of time elapses, and another test is given, where the first test was lower. Mr. Williams responded, "Well, the only way that would be, would be if the person was still absorbing." (*Id*. at 215). He then stated that on an empty stomach the absorption rate would be from 10 to 30 minutes but with food that could be delayed up to an hour but that 85 percent of the alcohol is absorbed in the first

30 minutes.  (*Id.* at 216).  Finally, Mr. Williams testified that based on his education, training and experience a person in petitioner MASON's position who had been in police custody for about three hours and had not drank in that time, would not still be absorbing alcohol but would be eliminating.  (*Id.*).  Based on Mr. Williams testimony there is nothing to support a claim that petitioner's blood alcohol would have been below .097 when he was arrested.  In addition, there was other evidence of intoxication besides the breathalyzer results and the jury was allowed to rely on that evidence.  As such, petitioner MASON has not shown he was prejudiced in his first or fourth claim.

V.<br>
<u>EQUAL PROTECTION, DUE PROCESS, DUE COURSE</u>

Petitioner's remaining claims are interrelated and will be addressed together.  Petitioner claims he was denied equal protection of law, due process and due course of law when the trial court denied his motion for an expert witness yet allowed the prosecution to call four experts at trial on the issue of petitioner's intoxication.  As stated above, Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect.  Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts.  *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002).  This petitioner has not done.

In *Ake v. Oklahoma*, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985) the Supreme Court identified three important factors to the determination of whether the appointment of a requested defense expert is required.  They are 1) the private interest affected by the State's action;  2) the governmental interest affected if the safeguard is provided; and,  3) "the probable

value of the additional or substitute procedural safeguards that are sought, and the risk of an

erroneous deprivation of the affected interest if those safeguards are not provided." *Id.* at 77.

In *Elmore v. State*, 968 S.W.2d 462(Tex.App. - - Eastland 1998, pet. Ref'd) the court examined

the third of the *Ake* factors and concluded,

> We find that the risk of error in the proceeding without such assistance [expert
> testimony] to be minimal.  Lay witnesses and juries are competent to make sensible
> and educated determinations about the state of the accused's intoxication and the
> accuracy of the use of an intoxilyzer from the evidence.

*Id.* at 467.  Evidence presented at trial included the results of two breathalyzer tests showing

readings of .097 and .095, both above the legal limit, police testimony indicating the officers

believed petitioner to be intoxicated based on petitioner's actions and speech and the smell of

alcohol on his breath.  Witness testimony also included evidence of a traffic accident, his

inability to change a flat tire and his inability to stand.  Additionally the horizontal gaze

nystagmus test administered in the field by officers resulted in a positive reading for intoxication.

Finally, a video of petitioner taken at the scene and then later at the county jail was shown to the

jury.  In the context of all evidence presented at trial, it cannot be said the trial court's denial to

approve Dr. Wimbish as a defense expert violated any of petitioner's rights under equal

protection, due process or due course of law.

VI.

<u>CONCLUSION</u>

Whether exhausted or not, all of plaintiff's claims are based upon the trial court's denial

of petitioner MASON' s motion for the appointment of an expert witness.  Petitioner MASON

failed to produce any evidence, documentation or argument as to the specific testimony the

proposed expert witness would have been able to provide and that failure is critical.

VII.
RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus

relief.  Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the

United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State

Custody filed by petitioner DONALD WAYNE MASON be DENIED.


VIII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and

Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   28th   day of August 2015.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation.  In
the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections
is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the
signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by
electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the
fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.
*See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the
Report and Recommendation."  Objecting parties shall file the written objections with the United
States District Clerk and serve a copy of such objections on all other parties.  A party's failure to
timely file written objections to the proposed findings, conclusions, and recommendation

contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).